## PROTEST OF GULF PIPE LINE CO.

No. 20511. Opinion Filed May 20, 1930.

W. F. Pardoe, Co. Atty., for protestee.

James B. Diggs, Wm. C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for protestant.

ANDREWS, J. This is an appeal from the judgment of the Court of Tax Review sustaining the protest of the Gulf Pipe Line Company against certain tax levies of Creek county for the fiscal year beginning July 1, 1928, alleged to be illegal, excessive, and void.

The protestee appealed from the judgment of the Court of Tax Review as to the sixth ground of protest, being the sinking fund of school district No. 33; the ninth ground of protest, being the sinking fund of school district No. 65; the third ground of protest, being the sinking fund of Mounds township, and the seventh ground of protest, being sinking fund of school district No. 37.

In the brief the protestee dismissed the appeal in so far as school district No. 33 and school district No. 65 are concerned. The judgment of the Court of Tax Review on those protests is affirmed.

The third ground of protest, involving the sinking fund of Mounds township, is identical with the second ground of protest in cause No. 20512, Protest of Texas Pipe Line Company, this day decided, 143 Okla. 177, 288 Pac. 334. The facts are identical and the same order is made. The cause is remanded to the Court of Tax Review, with directions to grant a new trial in accordance with the rule announced by this court in Faught v. City of Sapulpa, No. 21114, decided May 6, 1930.

The seventh ground of protest, involving the sinking fund of school district No. 37, is similar to the fifth ground of protest in Protest of Texas Pipe Line Company, supra, the difference being that in this case the aggregate indebtedness of the school district, at the time of the incurring of the indebtedness, is not shown in the record, and the indebtedness attacked herein is in the form of funding bonds, while in the Protest of Texas Pipe Line Company Case, supra, the indebtedness was in the form of a money judgment. We do not think the difference in the facts in the two cases is material in the determination hereof, and we hold that the indebtedness was within the income and revenue provided for the year in which it was contracted and was valid. The fact that it was reduced to judgment or funded did not affect its validity.

The judgment of the Court of Tax Review sustaining the protest as to school district No. 37 sinking fund is reversed. The cause is remanded to the Court of Tax Review, with directions to deny the protest and make such other orders as are necessary to afford relief herein.

CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) anno. 59 L. R. A. 621; 41 A. L. R. 790; 19 R. C. L. p. 978;

R. C. L. Perm. Supp. p. 4743. See "Schools and School Districts," 35 Cyc. p. 974, n. 19.